1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARGARET FULLERTON
     SPENCER STUART HESS
11   ROMANOV HENDERSON,                    No. CIV S-09-2402 LKK DAD PS

12               Plaintiff,

13        vs.

14   STATE OF CALIFORNIA,                  FINDINGS AND RECOMMENDATIONS

15               Defendant.

16   _____/

17               Plaintiff, proceeding pro se, has filed a civil complaint and an application for

18   leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  The proceeding has been

19   referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C.

20   § 636(b)(1).

21               In her in forma pauperis application, plaintiff declares that she is not employed,

22   but provides no information about her last employment.  Plaintiff declares that she has received

23   disability or workers compensation payments in the past 12 months, but fails to state the amount

24   received during the past 12 months.  Attached to the application is a document showing that in

25   _____

26        [1]  The court notes that there is a sole plaintiff in this action, although plaintiff refers to
     herself by the three different names reflected in the case caption.

                                              1

1   July of 2009 plaintiff was receiving a total of $850 per month in the form of Social Security

2   benefits, federal SSI benefits, and state SSI benefits.

3          Although it appears that plaintiff has made a showing of indigency, the mere

4   determination that a party is unable to pay the filing fee does not complete the inquiry required

5   by the in forma pauperis statute.  Under 28 U.S.C. § 1915(e)(2), a case must be dismissed if the

6   action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

7   monetary relief against an immune party.  In addition, the court must consider issues of

8   jurisdiction and venue.

9          Plaintiff alleges that she is entitled to all monies, all property that is historical, all

10  natural resources, all fixed and unfixed chattels, and all historical records of the City of Fullerton,

11  California because she is a direct blood heir of the Fullerton family that settled on the land on

12  which the city is located.  Plaintiff claims that the people living on her 35,000 acres are

13  descendants of the people who attacked her ancestors and killed all but one of them.  Plaintiff

14  also alleges that The Queen Mary, berthed in Long Beach, California, belongs to her because it

15  was the "family ship" on which her Romanov ancestors came to America.  She wants "any and

16  all gold returned brought over by her family The Romanov Fullerton's [sic]."  Plaintiff complains

17  that "Fullerton attorneys . . . act like plaintiff doesn't know what she is talking [sic] or who she

18  is" and refuse to return her assets to her.

19         Plaintiff's complaint does not contain a short and plain statement of the grounds

20  for the court's jurisdiction, as required by Federal Rule of Civil Procedure 8(a)(1).  On an

21  attached civil cover sheet, the pro se plaintiff asserts federal question jurisdiction, describes her

22  cause of action as fraud, and alleges that the nature of the suit is fraud with respect to personal

23  property.  Although plaintiff's complaint includes a reference to Article III, section 3 of the

24  United States Constitution, that provision concerns treason against the United States and

25  provides no private right of action concerning a tort claim grounded on fraud.  In the absence of

26  /////

2

1  any apparent federal question, the undersigned finds that this court lacks jurisdiction over

2  plaintiff's claims.

3        The undersigned notes that the State of California is the sole defendant named in

4  plaintiff's complaint.  Plaintiff has alleged no basis for suing the State of California relative to

5  the property and assets of the City of Fullerton.  In any event, the Eleventh Amendment serves as

6  a jurisdictional bar to suits for monetary relief against the State of California.  See Quern v.

7  Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v.

8  Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).

9        The undersigned further notes that venue would not be proper in this district for a

10  suit against the City of Fullerton.  The federal venue statute requires that a civil action other than

11  one based on diversity jurisdiction shall be brought only in "(1) a judicial district where any

12  defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

13  substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

14  of property that is the subject of the action is situated, or (3) a judicial district in which any

15  defendant may be found, if there is no district in which the action may otherwise be brought."  28

16  U.S.C. § 1391(b).  The City of Fullerton is located in Orange County, which lies within the

17  Central District of California.  If plaintiff has any federal claims against the City of Fullerton, the

18  claims should be filed only in the United States District Court for the Central District of

19  California, where the property is located and the events or omissions giving rise to the claims

20  occurred.

21        It appears that this court lacks subject matter jurisdiction over this action.  See

22  Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for

23  want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit

24  as to justify dismissal for lack of jurisdiction ); Hagans v. Lavine, 415 U.S. 528, 543 (1974)

25  (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

26  implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

3

1   within the jurisdiction of the District Court").  See also Franklin v. Murphy, 745 F.2d 1221, 1227

2   n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not

3   confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of

4   process.").  In light of the deficiencies of plaintiff's complaint, the undersigned finds that it

5   would be futile to grant plaintiff leave to amend.  The undersigned will therefore recommend that

6   plaintiff's in forma pauperis application be denied and that this action be dismissed for lack of

7   jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

8               For the reasons set forth above, IT IS RECOMMENDED that:

9               1.  Plaintiff's August 26, 2009 motion to proceed in forma pauperis (Doc. No. 2)

10  be denied;

11              2.  Plaintiff's September 1, 2009 motion to reverse decision (Doc. No. 3) be

12  denied as no decision had been filed in this case prior to that date;

13              3.  This action be dismissed without prejudice; and

14              4.  The case be closed.

15              These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty

17  days after being served with these findings and recommendations, plaintiff may file written

18  objections with the court.  A document containing objections should be titled "Objections to

19  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

20  objections within the specified time may, under certain circumstances, waive the right to appeal

21  the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED: November 10, 2009.

23

24  _____

25  DAD:kw                          DALE A. DROZD
    Ddad1\orders.prose\romanov2402.f&r.ifpden   UNITED STATES MAGISTRATE JUDGE

26